# Harvey et al. *versus* Borough of South Chester.

99 565/ 112 33|

1. The Borough of South Chester, in Delaware county, was incorporated in 1870, under and subject to the General Borough Law of April 3d 1851, Pamph. L. 320. In 1877 it filed a claim against certain real estate within its limits, for the removal of a nuisance. In 1880 said real estate was sold at sheriff's sale, under a judgment obtained for arrears of a ground-rent, created in 1865. In the distribution of the proceeds of said sale,—*Held*, that the said General Borough Act fully authorized the filing of the said claim. That by the provisions of the Act of February 3d 1824, 8 Smith L. 189, extended to Delaware county by the Act of April 18th 1843, Pamph. L. 334, said claim was entitled to have priority to and to be fully paid and satisfied before any incumbrance which the said real estate might thereafter become charged with or liable to. That the operation of this act in the present instance was not affected by the circumstance that the ground-rent had been created prior to the incorporation of the borough, and that hence the whole amount of said claim should first be paid out of the fund.

2. The priority of the claim in question was not affected by the passage of the act of April 3d 1872, Pamph. L. 768, entitled "An Act to better secure the payment of municipal claims and taxes in the Borough of South Chester." Said enactment is substantially a re-enactment of the provisions of the said Act of 1824, so far at least as priority of payment is given to municipal claims for abating nuisances.

3. The Act of April 1st 1873, Pamph. L. 509, supplying a new method for the collection of taxes in Delaware county, has special reference to taxes, properly speaking. It has no application to municipal claims or assessments, which were made liens, entitled to priority of payment, by prior Acts of Assembly.

February 7th 1882. Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON, TRUNKEY, STERRETT, and GREEN, JJ.

ERROR to the Court of Common Pleas of *Delaware county :* Of January Term 1882, No. 254.

Amicable action and case stated, between the Borough of South Chester, plaintiff, and Lewis B. Harvey and Anna J. Brown, defendants.

The Borough of South Chester was incorporated by Act of March 12th 1870 (P. L. 413), subject to the general borough laws then existing.

The following facts appeared from the case stated :

On February 20th 1865, one William Ward granted to Alfred G. Deakyne and his heirs, two certain lots of ground in said borough, reserving thereout a yearly ground-rent of $48. On June 29th 1865, Ward granted and conveyed said ground-rent to Jeremiah C. Brown, who died seised thereof intestate. On December 6th 1880, his administrators, the said Lewis B. Harvey and Anna J. Brown, recovered judgment in an action

of covenant on said ground-rent deed, against Deakyne, for $186.66, for arrears of ground-rent due their intestate in his life-time; and the said two lots were, on January 29th 1881, sold at sheriff's sale under a venditioni exponas, issued on said judgment: lot No. 1, for $175, and lot No. 2, for $125 ; the costs and taxes being $87.52, a net balance for distribution remained, of $212. 48.

On May 31st 1877, the Borough of South Chester had filed a municipal claim against lot No. 1, in the name of Alfred G. Deakyne, owner or reputed owner, for $148.89, for work done and materials furnished in abating a nuisance existing in and upon said premises, after notice to said owner and default by him, within six months last past.

" If the court shall be of opinion that the said municipal lien is entitled to payment out of the proceeds of the said sale prior to the judgment for arrears of ground-rent, then judgment to be entered for the plaintiff for $131.24, being the proceeds of the sale of the first described lot, less one-half the costs: but if the court shall be of the opinion that the said judgment is entitled to participate in said distribution prior to the said municipal lien, then judgment to be entered in favor of the plaintiff for $37.07."

The court (CLAYTON, P. J.), filed the following opinion, June 6th 1881 :

" When this ground-rent was reserved, the Act of Assembly for the creation of boroughs with power to remove nuisances and file liens, was in full force, and, by the construction put upon the Act of 1824, P. Dig., 1084 (extended to Delaware county by the Act of 1843, P. L. 334), such liens had piority over all subsequently created ground-rents. See Estate of Valentine Foy, 2 W. N. C. 188.

" When this work was done by the borough, the Act of 1824 was in undoubted force in Delaware county. The ground-rent deed was made under the law as it then stood. The land was upon one of the projected streets of the contemplated borough, and was, of course, subject to the lawful exercise of all municipal power. The work was done on the faith of the law as it then stood. The lien, by the Act of 1824, was prior to all incumbrances or titles subsequent to 1843. This conclusion was not seriously controverted upon the argument, but it was contended that the effect of the Act of April 3d 1872, for the " better securing of such claims," and subsequent legislation upon the subject of taxes in Delaware county, in effect worked a repeal of the Act of 1843, and consequently the Act of 1824 was no longer in force in Delaware county. Whatever may be the effect of the Act of 1872, it cannot by any possible rule of construction repeal or divest a right which was fully vested

when it was framed. It may, possibly, work a repeal of the former law as to all subsequent claims, but even this is very doubtful. The equity of the case is undoubtedly with the borough. The owner suffered this lot to become a public nuisance, while it enjoyed all the advantages of increasing value from the borough improvements, streets, &c. The abatement of the nuisance gave additional value to the ground to more than the amount of the work the borough was compelled to perform.

"I hold that all borough claims filed after 1843 and before 1872 have priority by virtue of the Act of 1843, and are not affected by any legislation subject to the filing of the claims.

"Judgment for plaintiff, for $131.24, with costs."

In a supplemental opinion, filed February 6th, 1882, the court said:

"The former argument was not that the Act of February 3d 1824, extended to Delaware county by Act of April 18th 1843, did not give such priority, but that the Act itself had been repealed by the Act of April 3d 1872, (special to the Borough of South Chester) and the Act of April 1st 1873 (special to Delaware county). We decided in Borough v. Broomall, (Del. Co. Reporter 58), that the Act of April, 1872, had no such effect.

"We still adhere to that opinion. While the Act of April 1st 1873, being an entire revision of the law upon the question of the collection of taxes and tax liens in Delaware county, may have the effect of repealing all former laws upon the same subject, it certainly can have no greater effect. A merely cursory reading of the act of April 1st 1873, will clearly show that it only applies to taxes in the strict sense of the word, and not to municipal claims or assessments made liens by special Acts of Assembly. It has not revised the subject of municipal claims in the city of Chester, or boroughs of the county, and cannot, by the most liberal and free interpretation, be construed as repealing any such laws.

"It will be observed that the Act of 1824 contains eight sections, seven of which refer to taxes strictly, so called, and one, the eighth, to municipal claims and assessments. This was all that was decided in Pray v. Northern Liberties, 7 Casey 69 ; cited by the defendant. The court held the lien to be good, without registry, under the fourth section. The lien was sustained under the eighth section.

"It must be remembered that the whole eight sections have been extended to Delaware county. If, therefore, the claim filed in this case could be sustained in Philadelphia, it can be in Delaware county.

"The effect of the Act of 1843 is to add the words: 'And Delaware county' to the eighth section of the Act, making it

[Harvey *v.* Borough of South Chester.]

read as follows: 'All and singular the provisions of this Act shall be deemed and taken to apply to taxes, rates and levies imposed or assessed by authority of the city of Philadelphia and county of Delaware, or any corporation in said city or county upon real estate situate therein, except water rents.' No other construction can be put upon this section in connection with the first section than the one that gives the borough the priority here claimed.

"The Borough law of 1851 gives the corporation authority to abate the nuisance, and assess the cost thereof upon the land, and the first and eighth sections of the act of 1834, above cited, make such lien prior to all other liens or responsibilities on the land. The question seems to me no longer to be an open one.

"The judgment therefore entered June 6th 1881, is to stand."

The defendants took this writ of error, assigning for error the entry of judgment for plaintiff for $131.24, instead of for $37.07.

*W. B. Broomall*, for the plaintiffs in error.

*George B. Lindsay*, for the defendant in error.

Mr. Justice STERRETT delivered the opinion of the court, March 6th 1882.

The question presented by the case stated is, which of the parties thereto is entitled to priority of payment out of the fund realized by the sale of certain real estate in the Borough of South Chester. The judgment under which the sheriff's sale took place was obtained by the plaintiffs in error in 1880, for arrears of ground-rent reserved in the deed, duly executed and recorded in 1865, conveying the same land. Their claim is under and by virtue of that judgment, the lien of which relates back to the date of the deed creating the ground rent: Bantleon *v.* Smith, 2 Binney 146. On the other hand the Borough claims priority of payment by virtue of a statutory lien, filed in 1877, for the cost of abating a nuisance on the land under authority given by the general Borough Act of 1851: Purdon 168, pl. 33, and 167, pl. 26. Notwithstanding the claim of the Borough is subsequent in date to the ground, rent deed, the contention is that it is entitled to priority by the express terms of the Act of February 3d 1824, which was orginally applicable only to the city and county of Philadelphia, but was afterwards extended to Delaware county by the Act of 1843. The first section of the act of 1824 provides, in substance, that all taxes, rates and levies thereafter imposed or assessed on real estate

[Harvey *v.* Borough of South Chester.]

shall have priority to and be fully paid and satisfied before any recognizance, mortgage, judgment, debt, obligation or responsibility which the said real estate might become charged with or liable to after the passage of the Act: Purdon 1084, pl. 1. By the 8th section it is declared that all and singular the provisions of the Act shall be deemed and taken to apply to taxes, rates and levies imposed or assessed by authority of the city of Philadelphia, or of any corporation in the city or county of Philadelphia upon real estate situate therein, except water rents which may be assessed for the use of the Schuylkill water: Purdon 1088, pl. 19. In Pennock *v.* Hoover, 5 Rawle 291, it was held that, by virtue of the Act, municipal claims for paving were made prior liens. Indeed, it is very evident, from the phraseology of the last section, that the Act was intended to embrace all municipal charges and assessments, except water rents: and, when extended to Delaware county, it thenceforth had the same effect there. The general law of 1851, under which the Borough of South Chester was incorporated, fully authorized the abatement of the nuisance and assessment of the cost thereof upon the land; and by the provisions of the Act of 1824, above cited, the claim became a lien prior to all other liens or responsibilities on the land, created after the passage of the act of 1843.

It matters not that the ground-rent was reserved by deed executed before the borough was incorporated. The Act giving priority to such claims, and the general Borough Act, authorizing the abatement of nuisances and filing liens therefor, were both in force in Delaware county long before the date of the ground-rent deed. It must therefore be presumed that the parties to the deed contracted with reference to the then existing law, under which such liens, entitled to priority of payment, might subsequently be created. The claim of the borough in this case, was clearly within the provisions of the Philadelphia Act, extended as above stated to Delaware county, and by virtue thereof it became a lien, entitled to priority of payment, as against the claim for arrears of ground-rent.

We think the court was clearly right in holding that the priority of the claim in question was unaffected by subsequent legislation. The Act of April 3d 1872, entitled, "An Act to better secure the payment of municipal claims and taxes in the borough of South Chester," P. L. 768, is substantially a reenactment of the provisions contained in the first and eighth sections of the Act of 1824, above referred to, so far, at least, as priority of payment is given to municipal claims for abating nuisances, etc. The Act of April 1st 1873, P. L. 509, has special reference to taxes in the strict sense of the word, and makes provision for registering and collecting the same. It has no

application to municipal claims or assessments which were made liens, entitled to priority of payment, by prior Acts of Assembly.

The judgment of the court below is so fully sustained by the opinion of its learned president, that further comment is unnecessary.

Judgment affirmed.